## No. 8986.

### ART INSTITUTE OF CHICAGO v. DENISON ET AL.

EQUITY PRACTICED—*Modifying Decree.*  A fund being held by a trustee, under appointment of the District Court, a firm of attorneys asserted an attorney's lien upon the shares of sundry of the beneficiaries, for services rendered in establishing their right.  The final decree made no mention of the claim of the attorneys.  Later on, one asserting a claim to this share of the fund, the cause was opened and a decree entered expressly reserving the right of the attorneys to assert their lien, and upon further litigation the trustee was directed to pay the claim of the attorneys.  *Held* that the fund being at all times under the control of the court, and the right of the attorneys to prosecute their claim expressly reserved in the modified decree, the fact that the attorneys' lien was not adjudicated in the original decree was immaterial.

*Error to Denver District Court, Hon. H. P. Burke, Judge. Department.*

Mr. PHILIP S. VANCISE, for plaintiffs in error.

No appearance for defendant in error Denison.

Mr. PAUL KNOWLES, for defendants in error Bicksler, Bennett and Nye.

Opinion by Mr. Justice Teller.

THE defendant in error was, in a proceeding in the District Court, appointed trustee of a fund of which there were several beneficiaries.

When the fund was ready for distribution, a firm of attorneys filed in the cause an attorney's lien on the shares of several of the beneficiaries for services rendered in es-

tablishing their right to share in said fund. The trustee later filed a supplemental complaint in the cause, setting forth the names of the parties claiming an interest in the fund, including the said attorneys, and asking that the court ascertain and direct how distribution should be made.

The attorneys asserted their claim by answer, and their right to it was put in issue by replication.

A decree was entered, and approved by one of said attorneys, without mention of the lien claim, except that it recites that all claim to lien on the share of Helen L. Hannum, one of the beneficiaries, had been waived by said attorneys in open court.

It does not appear that the right to said lien was litigated on the hearing on the distribution of the fund, but a one-twelfth interest was directed to be paid to one of the attorneys whose firm claimed a lien on it. It is the lien on this interest which is the subject of this controversy. The court retained jurisdiction of the distribution of said fund.

There after the plaintiffs in error filed a petition in intervention, claiming said one-twelfth interest under the will of the beneficiary who was entitled to it. The intervention was allowed, and the decree opened and modified, so as to give to the plaintiffs in error said interest, so far as it had not been paid over to the heir at law of their testatrix.

The claim of the attorneys was recited in the decree, which was stated to be without prejudice to their right to assert said claim.

The trustee paid to the Art Institute all the money which it claimed except the sum of $134.45, which he retained because of said lien claim.

Thereupon, the plaintiffs in error filed a petition in said cause, setting up the aforementioned proceedings, alleging that the lien claim was barred by the statutes of Illinois, where the estate of the deceased beneficiary was under administration, and praying that the trustee be ordered to pay to petitioners the sum retained for the lien claim.

On answer, replication and evidence taken, the court found for the respondents, and directed the trustee to pay their claim.

Plaintiffs in error urge that, since the right to the lien claim was in issue on the first hearing, it was adjudicated, and that, there being no allowance of it, the decree is final as to it.

It is unnecessary, because of the subsequent proceedings, to determine what might have been the effect of the decree, if it had not been modified.

It is to be observed that the decree was opened on the application of the plaintiffs in error for their benefit, and that the right of the attorneys to assert their claim was expressly reserved in the amended decree; the trustee being required only to pay over to the intervenors' attorney such sums as "belonged" to their testatrix.

When the trustee, knowing that the attorneys still had full right to assert their claim, declined to recognize the right of the intervenors to the full sum, the plaintiffs in error invoked the aid of the court to recover it.

The fund was at all times under the control of the court, and, when the plaintiffs in error submitted themselves to its jurisdiction and obtained the relief originally sought, they could not be heard to say that the right to the claim depended upon the action of any other court, either in Illinois or of this state, even had there been no lien on the fund.

They cannot recognize the jurisdiction so long as it is exercised in their favor, and deny it when they cease to profit from it.

No attack is made upon the justice of the claim, and the court appears to have followed the law and the dictates of justice in the judgment rendered.

The judgment is accordingly affirmed.

*Judgment affirmed.*

Chief Justice Hill and Mr. Justice White concur.